I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO (SEE BELOW) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE

TO:        DATE:        DEPUTY CLERK:
Petitioner    03/28/2019    N. Boehme

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER LAWRENCE JEBURK,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | No. CV 19-01666-ODW (DFM)<br><br>ORDER DISMISSING PETITION WITH LEAVE TO AMEND |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Dkt. 1 ("Petition").

Section 2241 petitions are subject to the same screening requirements that apply to habeas petitions brought under § 2254. See Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Corpus Rules"), Habeas Corpus Rule 1(b). Accordingly, a district court may summarily dismiss a § 2241 petition before the respondent files an answer "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Habeas Corpus Rule 4; Mayle v. Felix, 545 U.S. 644, 656 (2005). Dismissal should be without prejudice unless it appears that no tenable claim for relief can be pleaded were such leave granted. See Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner appears to contend that he was denied due process of law in connection with various disciplinary proceedings. See Petition at 3. When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner be given advance written notice of the claimed violation, a right to call witnesses and present documentary evidence, and a written statement of the finder of fact as to the evidence relied upon and the reasons for disciplinary action taken. See Wolff v. McDonnell, 418 U.S. 539, 563-64 (1974). Confrontation, cross-examination, and counsel are not required. See id. at 568-70. Furthermore, "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 455 (1985).

Petitioner has not alleged specific facts that point to a real possibility of constitutional error in connection with the disciplinary proceedings. The Petition is far too vague and provides no facts concerning the nature of the disciplinary charges, the evidence submitted in support thereof, the process undertaken with respect to the disciplinary charge, and any penalties imposed as a result. Petitioner's mere allegation that he did not receive written statements on some unknown dates is not sufficient.

Consequently, the instant Petition is DISMISSED with leave to amend. If Petitioner still desires to pursue this action, he is ORDERED to file an amended petition rectifying the deficiencies discussed above within thirty-five (35) days of the service of this Order. The Clerk is directed to send Petitioner a blank copy of the Central District habeas petition form for this purpose. The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely.

///
///

If Petitioner files an amended petition, he should clearly note the name of the warden of the facility where he is currently held and provide more details surrounding the alleged constitutional violations. Petitioner is cautioned that his failure to timely file an amended petition in compliance with this Order will result in a recommendation that this action be dismissed for failure to prosecute.

Date: March 28, 2019

DOUGLAS F. McCORMICK
United States Magistrate Judge